UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANTHONY A. DEVIVO,

        Petitioner,

  -against-                                   9:02-CV-0840
                                                      (LEK/DEP)

SUPERINTENDENT, Auburn Correctional
Facility,

        Respondent.

## DECISION AND ORDER

This matter comes before the Court following a Report-Recommendation filed on October 19, 2005 by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York. Report-Rec. (Dkt. No. 31). After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Anthony A. DeVivo, which were filed on December 6, 2005. Objections (Dkt. No. 33).

It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. This Court has considered the objections and has undertaken a de novo review of the record and has determined that the Report-Recommendation should be approved for the reasons stated therein.

While this Court accepts the recommendations made by the Magistrate Judge, the Court

1

wishes to note an issue concerning Judge Peebles' finding that "the testimony provided at the *Wade* hearing by both Officer Smith and Officer Jack Collins of the Binghamton police department" was "entirely consistent with Cannon's trial testimony." Report-Rec. (Dkt. No. 31) at 38.  This Court's review of the testimony from the Wade hearing has found that the testimony by Officer Smith at the Wade hearing was, at times, inconsistent with the testimony of the eye witness, Britton Cannon, at trial.

However, this Court finds that the inconsistency did not rise to the level that would justify a finding of ineffective assistance of counsel for failure to re-open the Wade hearing.  County Courts are authorized to re-open Wade hearings by New York's Criminal Procedure Law, see N.Y. CRIM. PROC. LAW § 710.10(4), when "the additional information would . . . have materially affected the determination of the suppression motion."  People v. Meachem, 733 N.Y.S.2d 354, 354 (1st Dep't 2001).  The statutory standard requires that the additional facts be "pertinent" to the suggestiveness such that these facts would "materially affect or have affected the earlier *Wade* determination." People v. Clark, 88 N.Y.2d 552, 555 (1996).

Here, even if trial counsel had moved to re-open the Wade hearing, there is no reason to believe that it would have ultimately led to suppression of Cannon's identification testimony.  See People v. Carroll, 759 N.Y.S.2d 443, 444 (1st Dep't 2003), leave denied, People v. Carroll, 100 N.Y.2d 560 (2003).  See also People v. Clark, 88 N.Y.2d 552 (1996).  Regardless of whether or not Cannon hesitated before making the identification of DeVivo, the fact remains that Cannon did assertively identify DeVivo in a properly conducted line-up procedure that was conducted within a short time, as well as within a few blocks, of the crime.  See id.  The minor inconsistencies uncovered between Officer Smith's Wade hearing testimony and Cannon's trial testimony do not

rise to the statutory level of "pertinent" that would indicate that the line-up was suggestive.

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation is **APPROVED** and **ADOPTED** in its **ENTIRETY;** and it is further

**ORDERED,** that the Petition in this matter (Dkt. No. 1) is **DENIED** and **DISMISSED** in its **ENTIRETY**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

DATED:      March 08, 2006
            Albany, New York

Lawrence E. Kahn
U.S. District Judge